REQUESTED BY: Dear Senator Simon:
You have provided to us a copy of Request Number 2308. This request contains a set of amendments to LB 991. You ask whether the enclosed amendments meet constitutional requirements particularly with respect to the definition of drug paraphernalia contained therein.
Generally the act ties the regulation and sale of drug paraphernalia into those sections of the statutes which regulate the sale of tobacco products. The act requires that a license to sell drug paraphernalia be first obtained prior to the time it may be sold. The request in section 2 makes it a misdemeanor to sell, give or furnish drug paraphernalia to any minor under 18 years of age, specifies the manner of securing the license, limits the areas in which a license may be granted in section 5 to at least 100 meters distant from any church, school, hospital, home for indigent persons or orphans, playgrounds, sport facilities, parks, day-care centers, or community recreational centers, establishes the license fee to be required and provides certain criminal penalties for violation of the act. The definitional section which relates to drug paraphernalia is section 1. It defines drug paraphernalia generally as `materials which are used or manufactured for use in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this act or the Uniform Controlled Substances Act'. That paraphernalia is specifically limited to specified objects where ingesting, inhaling, or introducing into the body the substances of marijuana, cocaine, hashish and the hashish oil. Thereafter we listed a number of items which are generally contained in the various amendments to as well as the original LB 991. It includes such things as water pipes or bongs, ice pipes, carburetion tubes, miniature cocaine spoons and other items. The section also excepts hypodermic syringes, needles and other objects used by a licensed medical person or an individual injecting a prescribed drug authorized by a physician from the effect of the act.
While we are not entirely sure how broad the initial definition of drug paraphernalia to be used for introducing into the body substances other than marijuana, cocaine, hashish or hashish oil, we cannot point to specific areas in which the definition would clearly be over broad. With respect to those objects used in connection with the enumerated items we believe the definition is drawn with sufficiently narrow parameters to pass constitutional muster.
We believe that Request Number 2308 would be constitutionally defensible.